IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIA ROBLES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 07 C 6314 |
| v. | ) ) | Judge Lindberg |
| JUNE WING d/b/a Secured Parking, READY CASH, INC., and SCOTT HENRICHS, | ) ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Antonia Robles ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C., states as follows for her Class Action Complaint against June Wing d/b/a Secured Parking, Ready Cash, Inc., and Scott Henrichs (collectively, "Defendants").

**The Parties**

1.  Plaintiff is an Illinois citizen and resides in this district.

2.  Defendant June Wing is an individual that resides in this district and does business as Secured Parking.

3.  Defendant Ready Cash, Inc. is an Illinois corporation doing business in this district through an automated teller machine ("ATM") located at Secured Parking.

4.  Defendant Scott Henrichs, President of Ready Cash, Inc., does business in this district through the ATM located at Secured Parking.

### Jurisdiction and Venue

5.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; and Regulation E, 12 C.F.R. § 205.1 *et seq.*

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendants conduct business in this district.

### Statutory/Regulatory Authority

7.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

8.  Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

9.  The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

### Facts Related To Antonia Robles

10. On July 23, 2007, Plaintiff used ATM number LK487710 ("ATM LK487710"), located at 3512 North Clark Street, Chicago, IL 60657.

11. On July 23, 2007, Plaintiff was charged $2.50 to withdraw money from ATM LK487710.

12. On July 23, 2007, at the time Plaintiff used ATM LK487710, there was no notice posted on or near ATM LK487710 that disclosed that users would be charged any fee for using ATM LK487710.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

13. Plaintiff incorporates herein by reference paragraphs 1-12.

14. Plaintiff brings this Count on behalf of herself and a class of all persons who were charged a transaction fee for the use of automated teller machine number LK487710, located at Secured Parking, 3512 North Clark Street, Chicago, IL 60657.

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of one or more Defendants.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the class predominate over any questions affecting only individual putative class members, including:

    (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Wing was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

    (b) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Ready Cash, Inc. was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

    (c) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Henrichs was an ATM operator at all relevant times during the

        class period that imposed a fee on consumers for providing host transfer services to those consumers; and

        (d)    Whether, at all relevant times during the class period, one or more Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

17.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

        (a)    Plaintiff and all putative class members used an ATM operated by one or more Defendants;

        (b)    One or more Defendants failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

        (c)    One or more Defendants illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

18.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the class and Plaintiff has hired counsel able and experienced in class action litigation.

19.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

20.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

21.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

22.  Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

23.  Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant June Wing was an ATM operator at all times relevant to this action.

24.  Alternatively, or in addition to the allegations contained in paragraph 23, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Ready Cash, Inc. was an ATM operator at all times relevant to this action.

25.  Alternatively, or in addition to the allegations contained in paragraphs 23 and/or 24, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Scott Henrichs was an ATM operator at all times relevant to this action.

26.  Defendant June Wing was the ATM operator of ATM LK487710 at all times relevant to this action.

27.  Alternatively, or in addition to the allegations contained in paragraph 26, Defendant Ready Cash, Inc. was the ATM operator of ATM LK487710 at all times relevant to this action.

28.  Alternatively, or in addition to the allegations contained in paragraphs 26 and/or 27, Defendant Scott Henrichs was the ATM operator of ATM LK487710 at all times relevant to this action.

29. Defendant Wing failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

30. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Wing therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

31. Alternatively, or in addition to the allegations contained in paragraph 29, Defendant Ready Cash, Inc. failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

32. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Ready Cash, Inc. therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

33. Alternatively, or in addition to the allegations contained in paragraphs 29 and/or 31, Defendant Scott Henrichs failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

34. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Scott Henrichs therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

WHEREFORE, Plaintiff, individually and on behalf of the putative class, requests that this Court enter judgment in her favor and against June Wing d/b/a Secured Parking, Ready Cash, Inc., and Scott Henrichs and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

                        ANTONIA ROBLES, Plaintiff,

          By:   /s/ Lance A. Raphael
                 Lance A. Raphael
                 One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
(312) 782-5808