**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTONIA ROBLES, individually and on behalf of all others similarly situated,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JUNE WING d/b/a Secured Parking,  )<br>)<br>Defendant.  ) | Case No. 07 C 6314<br><br>Judge Lindberg<br>Magistrate Judge Brown |

### DEFENDANT JUNE WING'S ANSWER & ADDITIONAL DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant June Wing ("Wing"), by and through her attorneys, hereby submits her answer and additional defenses in response to plaintiff Antonia Robles's First Amended Class Action Complaint (the "Amended Complaint") as follows:

### The Parties[1]

1. Plaintiff is an Illinois Citizen and resides in this district.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

---

[1] For the reader's convenience, Wing has organized her answers to plaintiff's allegations by employing the headings used within the Amended Complaint. In doing so, Wing does not admit that the headings are accurate or appropriate for any purpose in this matter and, to the extent that any heading can be read to contain factual allegations, denies each and every one of them unless she expressly indicates otherwise.

  2. Defendant June Wing is an individual that resides in this district and does business as Secured Parking.

**Answer:**

Wing admits that she resides in this district and that a public garage license has been granted to her to do business as Secured Parking. Wing denies any and all remaining allegations in this paragraph.

  3. Defendant Ready Cash, Inc. is an Illinois corporation doing business in this district through an automatic teller machine ("ATM") located at Secured Parking.

**Answer**:

Wing admits on information and belief that defendant Ready Cash, Inc. operated an ATM located at 3512 North Clark Street, Chicago, IL 60657. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

  4. Defendant Scott Henrichs, President of Ready Cash, Inc., does business in this district through the ATM located at Secured Parking.

**Answer**:

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

### Jurisdiction and Venue

  5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this answer is brought pursuant to Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to base jurisdiction

on the statutes and regulations cited in this paragraph. Wing denies any and all remaining allegations in this paragraph.

      6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendants conducts business in this district.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to base venue on the statute cited in this paragraph. Wing denies any and all remaining allegations directed at her in this paragraph. Wing lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

## Statutory/Regulatory Authority

      7.      The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Wing denies any allegations that are inconsistent with the terms of the statutes and regulations, which speak for themselves. Wing denies any and all remaining allegations in this paragraph.

> 8. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Wing denies any allegations that are inconsistent with the terms of the statutes and regulations, which speak for themselves. Wing denies any and all remaining allegations in this paragraph.

> 9. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Wing denies any allegations that are inconsistent with the terms of the statutes and regulations, which speak for themselves. Wing denies any and all remaining allegations in this paragraph.

## Facts Related To Antonia Robles

> 10. On July 23, 2007, Plaintiff used ATM number LK487710 ("ATM LK487710"), located at 3512 North Clark Street, Chicago, IL 60657.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

11. On July 23, 2007, Plaintiff was charged $2.50 to withdraw money from ATM LK487710.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

12. On July 23, 2007, at the time Plaintiff used ATM LK 487710, there was no notice posted on or near ATM LK487710 that disclosed that users would be charged any fee for using ATM LK487710.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

13. Plaintiff incorporates herein by reference paragraphs 1-12.

**Answer:**

Wing incorporates herein by reference her answers to paragraphs 1-12.

14. Plaintiff brings this Count on behalf of herself and a class of all persons who were charged a transaction fee for the use of automated teller machine number LK487710, located at Secured Parking, 3512 North Clark Street, Chicago, IL 60657.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action on behalf of those persons referenced in the subject paragraph, but denies that this action is properly maintained as a class action against her. Wing denies any and all remaining allegations in this paragraph.

15. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of one or more Defendants.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action on behalf of those persons referenced in the subject paragraph, but denies that this action is properly maintained as a class action against her. Wing lacks knowledge or information sufficient to form a belief as to the size of the putative class, and therefore denies the allegations in the first sentence of this paragraph. Wing denies that she has any control, exclusive or otherwise, of the actual number of putative class members, and lacks knowledge or information sufficient to form a belief as to the alleged exclusive control of the other defendants. Wing denies any and all remaining allegations in this paragraph.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the class predominate over any questions affecting only individual putative class members, including:

   (a) Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Wing was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

   (b) Whether, pursuant to 15 U.S.C. §.1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Ready Cash, Inc. was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

   (c) Whether, pursuant to 15 U.S.C. §.1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Henrichs was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

       (d)       Whether, at all relevant times during the class period, one or more Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**Answer:**

       This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in subparagraphs (b) and (c) and therefore denies those allegations. Wing denies any and all remaining allegations in this paragraph, including the remaining allegations in subparagraphs (a) and (d).

       17.       Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

       (a)       Plaintiff and all putative class members used an ATM operated by one or more Defendants;

       (b)       One or more Defendants failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

       (c)       One or more Defendants illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

**Answer:**

       This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing denies any and all remaining allegations in this paragraph, including the allegations in subparagraph (a)-(c), to the extent that they relate to her.

Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

> 18. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the class and Plaintiff has hired counsel able and experienced in class action litigation.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing lacks knowledge or information sufficient to form a belief as to the ability of plaintiff to protect the interests of the class and of the abilities and experience of plaintiff's counsel to bring this action, and therefore denies the allegations in this paragraph.

> 19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing denies any and all remaining allegations in this paragraph.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**<u>Answer</u>:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing denies any and all remaining allegations in this paragraph.

21. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

**<u>Answer</u>:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing lacks knowledge or information sufficient to form a belief as to the size of each putative class member's purported damages, and therefore denies the allegations in this paragraph. Wing denies any and all remaining allegations in this paragraph.

22. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**Answer:**

This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Wing admits that plaintiff purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Wing denies any and all remaining allegations in this paragraph.

23. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant June Wing was an ATM operator at all times relevant to this action.

**Answer:**

Wing denies the allegations in this paragraph.

24. Alternatively, or in addition to the allegations contained in paragraph 23, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Ready Cash, Inc. was an ATM operator at all times relevant to this action.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing admits on information and belief that defendant Ready Cash, Inc. was an ATM operator at a time relevant to this action. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

25. Alternatively, or in addition to the allegations contained in paragraph 23 and/or 24, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Scott Henrichs was an ATM operator at all times relevant to this action.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

26. Defendant June Wing was the ATM operator of ATM LK487710 at all times relevant to this action.

**Answer:**

Wing denies the allegations in this paragraph.

27. Alternatively, or in addition to the allegations contained in paragraph 26, Defendant Ready Cash, Inc. was the ATM operator of ATM LK487710 at all times relevant to this action.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing admits on information and belief that defendant Ready Cash, Inc. operated an ATM located at 3512 North Clark Street, Chicago, IL 60657. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

28. Alternatively, or in addition to the allegations contained in paragraphs 26 and/or 27, Defendant Scott Henrichs was the ATM operator of ATM LK487710 at all times relevant to this action.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

29. Defendant Wing failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**Answer:**

Wing denies the allegations in this paragraph.

30. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Wing therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

**Answer:**

Wing denies the allegations in this paragraph.

31. Alternatively, or in addition to the allegations contained in paragraph 29, Defendant Ready Cash, Inc. failed to comply with the notice requirements of 15 U.S.C. §1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

32. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Ready Cash, Inc. therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

33. Alternatively, or in addition to the allegations contained in paragraph 29 and/or 31, Defendant Scott Henrichs failed to comply with the notice requirements of 15 U.S.C. §1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

**Answer:**

Wing denies that she was an ATM operator at any time relevant to this action. Wing lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

34. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Scott Henrichs therefore illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM LK487710.

**Answer:**

Wing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## REQUEST FOR RELIEF

To the extent that an answer may be required to the Request for Relief following paragraph 34 of the Amended Complaint, Wing denies each and every allegation therein.

## JURY TRIAL DEMAND

To the extent that an answer may be required to the Jury Demand at the end of the Amended Complaint, Wing denies each and every allegation therein.

## ADDITIONAL DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Wing also asserts the following additional defenses:

### First Defense

The Amended Complaint fails to state a claim against Wing for which relief can be granted.

### Second Defense

Any claim by plaintiff for actual damages is barred because plaintiff has not suffered any actual damages as a result of any conduct by Wing.

### Third Defense

Plaintiff's claims are barred in whole or in part by waiver, estoppel, laches, consent and ratification.

### Fourth Defense

Plaintiff's claims are barred in whole or in part because her alleged damages were neither caused in fact by Wing nor proximately caused by any conduct or action of Wing.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, because this action is not properly maintainable as a class action as alleged by plaintiff.

### Sixth Defense

Wing reserves the right to assert other defenses as discovery proceeds.

Dated:  February 19, 2008                     Respectfully submitted,

                                              JUNE WING

                                    By:   /s/ Andrew S. Marovitz
                                          Andrew S. Marovitz
                                          MAYER BROWN LLP
                                          71 South Wacker Drive
                                          Chicago, Illinois  60606
                                          Telephone:  312.782.0600
                                          Facsimile:  312.701.7711
                                          amarovitz@mayerbrown.com

                                          *Counsel for Defendant June Wing*

5196726

## **CERTIFICATE OF SERVICE**

I, Andrew S. Marovitz, an attorney, hereby certify that, on February 19, 2008, I caused a copy of the foregoing **Defendant June Wing's Answer & Additional Defenses to Plaintiff's First Amended Complaint** to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel for plaintiff Antonia Robles:

> Lance A. Raphael
> Stacy M. Bardo
> Allison Krumhorn
> The Consumer Advocacy Center, P.C.
> 180 W. Washington St., Ste. 700
> Chicago, Illinois  60602

By:   /s/ Andrew S. Marovitz
        Counsel for Defendant June Wing