IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| ANTONIA ROBLES, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUNE WING d/b/a Secured Parking, READY CASH, INC., and SCOTT HENRICHS,<br><br>　　　　　Defendants. | Case No. 07 C 6314<br><br>Judge Lindberg |

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT TO SUBSTITUTE PARTIES

In support of this motion for leave to file a second amended complaint in order to substitute parties, the undersigned states as follows:

1.　As counsel advised this Court on March 19, 2008, Plaintiff Antonia Robles has passed away.

2.　In the complaint currently on file, Ms. Robles sought to obtain individual and class-wide relief for Defendants' violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

3.　To the extent Ms. Robles sought individual damages for Defendants' violations, her Estate, through executor Blanca Ortiz, respectfully requests leave to be substituted in as a plaintiff in interest. An amended complaint reflecting this change is attached hereto as <u>Exhibit A</u>.

4.　However, Ms. Robles' Estate will not seek to represent the proposed class members given the adequacy requirements of Fed. R. Civ. P. 23.

5. If the original class representative can no longer perform her duty to the class, it is well established that another class member has the right to take over the prosecution of a case. *See* Fed. R. Civ. P. 24(a)(2).

6. Robles alleged claims on behalf of herself and, "a class of all persons who were charged a transaction fee for the use of automated teller machine number LK487710, located at Secured Parking, 3512 North Clark Street, Chicago, IL 60657."

7. Christopher Armes, a former Chicago resident, used the automated teller machine at Secured Parking on August 12, 2007 and is therefore a member of the class. As such, Mr. Armes requests leave to be added as the proposed Class Representative to the second amended complaint.

8. The Federal Rules of Civil Procedure specifically contemplate that such leave should be freely granted.

9. First, Rule 21 states that parties may be dropped or added by order of the court on such terms as are just. Second, Rule 15 provides that parties are permitted to amend their pleadings, "when justice so requires." "The complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989) (*citing Walton v. Jennings Community Hospital*, 875 F.2d 1317, 1320-21, n. 3 (7th Cir. 1989)). Third, the rules of intervention permit leave to timely intervene when the intervenor claims an interest relating to the property or transaction which is the subject of the action, and the intervenor's interest is not adequately represented by existing parties. *See* Fed. R. Civ. P. 24(a).

10. In this action, no discovery has yet commenced and only one of the three defendants has filed a responsive pleading to the complaint currently on file. Amendment at this early stage in the litigation therefore causes no prejudice to any Defendant.

WHEREFORE, leave is requested to file the attached second amended complaint, substituting in the Estate of Antonia Robles, individually, and Christopher Armes, on behalf of himself and the proposed class.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808