IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BLANCA ORTIZ, Executor on behalf of the ESTATE OF ANTONIA ROBLES, deceased, and CHRISTOPHER ARMES, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>READY CASH, INC., and SCOTT HENRICHS,<br><br>      Defendant. | No. 07 C 6314<br><br>Judge Lindberg |

## DEFENDANT SCOTT HENRICHS' ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant, Scott Henrichs' ("Henrichs"), by and through his attorneys, answers Plaintiffs' second amended complaint as follows:

1. At the time of filing the initial Complaint in this action, Antonia Robles was an Illinois citizen residing in this district. Upon her passing, the Robles Estate, through Executor Blanca Ortiz, sought leave to substitute in to protect the deceased's individual claims against Defendants.

**ANSWER:** Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same, except for the allegation that a person by the name of Blanca Ortiz sought to be substituted as a Plaintiff. Henrichs admits that such leave was sought, but Henrichs denies that any claim exists or ever existed as to any Defendant.

2. Plaintiff Christopher Armes is a former resident of this district.

**ANSWER:** Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

3. Defendant Ready Cash, Inc. is an Illinois corporation doing business in this district through an automated teller machine ("ATM") located at Secured Parking.

**ANSWER:** Henrichs admits the allegations in this paragraph.

4.  Defendant Scott Henrichs, President of Ready Cash, Inc., does business in this district through the ATM located at Secured Parking.

**ANSWER:**  Henrichs denies the allegations in this paragraph.

5.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought pursuant to Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; and Regulation E, 12 C.F.R. § 205.1 *et seq.*

**ANSWER:**  This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Plaintiffs purport to base jurisdiction on the statutes and regulations cited in this paragraph. Henrichs denies any and all remaining allegations in this paragraph.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the transactions at issue occurred in this district and Defendants conduct business in this district.

**ANSWER:**  This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Plaintiffs purport to base venue on the statute cited in this paragraph and that RCI conducts business in this district, but Henrichs denies that he (Henrichs) conducts business in this district and Henrichs therefore denies that venue is proper as to Henrichs. Henrichs lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

7.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*,, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

**ANSWER:**  This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Plaintiffs purport to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Henrichs denies any allegations that are inconsistent with the

2

terms of the statutes and regulations. Henrichs denies any and all remaining allegations in this paragraph.

8. Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Plaintiffs purport to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Henrichs denies any allegations that are inconsistent with the terms of the statutes and regulations. Henrichs denies any and all remaining allegations in this paragraph.

9. The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit imposing a fee for using an ATM if the foregoing notice requirements are not met.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Plaintiffs purport to bring this action pursuant to certain provisions of the Electronic Funds Transfer Act and regulations, as cited in this paragraph. Henrichs denies any allegations that are inconsistent with the terms of the statutes and regulations. Henrichs denies any and all remaining allegations in this paragraph.

10. On July 23, 2007, Robles used ATM number LK487710 ("ATM LK487710"), located at 3512 North Clark Street, Chicago, IL 60657.

**ANSWER:** Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

11. On July 23, 2007, Robles was charged $2.50 to withdraw money from ATM LK487710.

**ANSWER:** Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

12.     On July 23, 2007, at the time Robles used ATM LK487710, there was no notice posted on or near ATM LK487710 that disclosed that users would be charged any fee for using ATM LK487710.

**ANSWER:**    Henrichs denies the allegations in this paragraph.

13.     On August 12, 2007, Armes used ATM number LK487710 ("ATM LK487710"), located at 3512 North Clark Street, Chicago, Illinois 60657.

**ANSWER:**    Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

14.     On August 12, 2007, Plaintiff was charged $2.50 to withdraw money from ATM LK487710.

**ANSWER:**    Henrichs lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph, and therefore denies same.

15.     On August 12, 2007, at the time Plaintiff used ATM LK487710, there was no notice posted on or near ATM LK487710 that disclosed that users would be charged any fee for using ATM LK487710.

**ANSWER:**    Henrichs denies the allegations in this paragraph.

**COUNT I**
**INDIVIDUAL CLAIM BROUGHT BY THE ESTATE OF ANTONIA ROBLES**
**VIOLATION OF EFTA AND REGULATION E**

16.     Plaintiffs incorporate herein by reference paragraphs 1-15.

**ANSWER:**    Henrichs incorporates herein by reference his answers to paragraphs 1 through 15.

17.     Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Ready Cash, Inc. was an ATM operator at all times relevant to this action.

**ANSWER:**    Henrichs admits the allegations in this paragraph.

18.     Alternatively, or in addition to the allegations contained in paragraph 19, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Scott Henrichs was an ATM operator at all times relevant to this action.

**ANSWER:**    Henrichs denies the allegations in this paragraph.

4

19.     Defendant Ready Cash, Inc. was the ATM operator of ATM LK487710 at all times relevant to this action.

**ANSWER:**     Henrichs admits the allegations in this paragraph.

20.     Alternatively, or in addition to the allegations contained in paragraphs 19, Defendant Scott Henrichs was the ATM operator of ATM LK487710 at all times relevant to this action.

**ANSWER:**     Henrichs denies the allegations in this paragraph.

21.     Defendant Ready Cash, Inc. failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Robles.

**ANSWER:**     Henrichs denies the allegations in this paragraph.

22.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Ready Cash, Inc. therefore illegally imposed a fee on Robles for her use of ATM LK487710.

**ANSWER:**     Henrichs denies the allegations in this paragraph.

23.     Alternatively, or in addition to the allegations contained in paragraph 21, Defendant Scott Henrichs failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 2-5.16(c) when providing ATM services to Robles.

**ANSWER:**     Henrichs denies the allegations in this paragraph.

24.     Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Scott Henrichs therefore illegally imposed a fee on Robles for her use of ATM LK487710.

**ANSWER:**     Henrichs denies the allegations in this paragraph.

WHEREFORE, Defendant Henrichs denies that Plaintiff is entitled to judgment or any relief and asserts that judgment should be entered instead against Plaintiff and for Henrichs and that Henrichs should be awarded all relief to which he is by law entitled and to such other relief as the Court deems proper.

### COUNT II
### CLASS CLAIM BROUGHT BY CHRISTOPHER ARMES
### VIOLATION OF EFTA AND REGULATION E

25.     Plaintiffs incorporate herein by reference paragraphs 1-15.

**ANSWER:**     Henrichs incorporates herein his responses to paragraphs 1 through 15 as his response to this paragraph.

26.     Plaintiff Christopher Armes brings this Count on behalf of himself and a class of all persons who were charged a transaction fee for the use of automated teller machine number LK487710, located at Secured Parking, 3512 North Clark Street, Chicago, IL 60657.

**ANSWER:**   This paragraph states legal conclusions in response to which no answer is required.  To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action on behalf of those persons referenced in the subject paragraph, but denies that this action is properly maintained as a class action.  Henrichs denies any and all remaining allegations in this paragraph.

27.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of one or more Defendants.

**ANSWER:**   This paragraph states legal conclusions in response to which no answer is required.  To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action on behalf of those persons referenced in the subject paragraph, but denies that this action is properly maintained as a class action.  Henrichs denies any and all remaining allegations in this paragraph.

28.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the class predominate over any questions affecting only individual putative class members, including:

- (a)   Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Ready Cash, Inc. was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

- (c)   Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant Henrichs was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers;

- (d)   Whether, at all relevant times during the class period, one or more Defendants failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

29. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Armes' claims of the putative class members, including:

> (a) Armes and all putative class members used an ATM operated by one or more Defendants;
>
> (b) One or more Defendants failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Armes and all putative class members; and
>
> (c) One or more Defendants illegally imposed a fee on Armes and all putative class members for their respective use of ATM LK487710.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

30. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Armes will fairly and adequately protect the interests of the class and has hired counsel able and experienced in class action litigation.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action against her. Henrichs lacks knowledge or information sufficient to form a belief as to the ability of Armes to protect the interests of the class and of the abilities and experience of plaintiff's counsel to bring this action, and therefore denies the allegations in this paragraph.

31. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

32. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

33. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

34. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

**ANSWER:** This paragraph states legal conclusions in response to which no answer is required. To the extent that an answer may be required, Henrichs admits that Armes purports to

bring a class action under the Federal Rules of Civil Procedure, but denies that this action is properly maintained as a class action. Henrichs denies the remaining allegations in this paragraph.

35. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Ready Cash, Inc. was an ATM operator at all times relevant to this action.

**ANSWER:** Henrichs admits the allegations in this paragraph.

36. Alternatively, or in addition to the allegations contained in paragraph 41, pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant Scott Henrichs was an ATM operator all times relevant to this action.

**ANSWER:** Henrichs denies the allegations in this paragraph.

37. Defendant Ready Cash, Inc. was the ATM operator of ATM LK487710 at all times relevant to this action.

**ANSWER:** Henrichs admits the allegations in this paragraph.

38. Alternatively, or in addition to the allegations contained in paragraph 37, Defendant Scott Henrichs was the ATM operator of ATM LK487710 at all times relevant to this action.

**ANSWER:** Henrichs denies the allegations in this paragraph.

39. Defendant Ready Cash, Inc. failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Armes and all putative class members.

**ANSWER:** Henrichs denies the allegations in this paragraph.

40. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Ready Cash, Inc. therefore illegally imposed a fee on Armes and all putative class members for their respective use of ATM LK487710.

**ANSWER:** Henrichs denies the allegations in this paragraph.

41. Alternatively, or in addition to the allegations contained in paragraph 39, Defendant Scott Henrichs failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Armes and all putative class members.

**ANSWER:** Henrichs denies the allegations in this paragraph.

42. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant Scott Henrichs therefore illegally imposed a fee on Armes and all putative class members for their respective use of ATM LK487710.

**ANSWER:** Henrichs denies the allegations in this paragraph.

WHEREFORE, Defendant Henrichs denies that Plaintiff is entitled to judgment or any relief and asserts that judgment should be entered instead against Plaintiff and for Henrichs and that Henrichs should be awarded all relief to which he is by law entitled and to such other relief as the Court deems proper.

### *ADDITIONAL DEFENSES
**(applicable to all Counts)**

### First Defense

The Second Amended Complaint fails to state a claim for which relief can be granted.

### Second Defense

In the event that the notice required by Section 1693b(d)(3)(B)(i) may be found to have not been on or at the ATM at the point in time of any plaintiff's alleged usage of the subject ATM, any liability is barred under section 1693h(d) of the Electronic Fund Transfers Act. Under section 1693h(d), if the required notice is posted by the ATM operator and that notice is subsequently removed by "any person other than the operator," the operator is not liable for failure to comply with section 1693b(d)(3)(B)(i). As to the subject ATM, Ready Cash, Inc. (as operator of the ATM), pursuant to section 1693b(d)(3)(B)(i) of the Electronic Fund Transfers Act and section 205.16c(1) of the Code of Federal Regulations, posted the required notice in a prominent and conspicuous location on or at the ATM. Subsequently, however, and to the extent that the subject notice may be found to have not been on or at the ATM at the point in time of any plaintiff's alleged usage of the ATM, someone other than Ready Cash, Inc. -- someone who was outside of the control of Ready Cash, Inc. -- removed the notice. Therefore, pursuant to section 1693(d), Ready Cash, Inc. is not liable for failure to comply with section 1693b(d)(3)(B)(i) of the Electronic Fund Transfers Act.

---

* Given that Plaintiff has asserted, albeit erroneously, that Henrichs is an operator of the ATM, Henrichs asserts these defenses on his own behalf to apply to and bar liability as to his being an alleged operator of the ATM.

10

### Third Defense

Plaintiffs' claims are barred in whole or in part by waiver, estoppel, laches, consent and ratification, in that Plaintiffs proceeded with the alleged transactions after having received on-screen electronic notifications of any charges relating to such transactions.

### Fourth Defense

In the event that the notice required by 1693b(d)(3)(B)(i) may be found to have not been on the ATM at the point in time of any Plaintiff's alleged usage of the subject ATM, any liability is barred by section 1693m(c) of the Electronic Fund Transfers Act.  That provision bars liability for violations shown to be unintentional and resulting from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.  Here, Ready Cash, Inc. undertook to have a service firm replace any sticker that may have been removed.  Ready Cash, Inc. provided such firm with stacks of replacement stickers to effectuate that effort.

Dated:  May 15, 2008				**SCOTT HENRICHS, Defendant**


					By: **s/Craig A. Varga**
						**One of its Attorneys**


Craig A. Varga
Scott J. Helfand
Varga Berger Ledsky Hayes & Casey
A Professional Corporation
224 South Michigan Avenue - Suite 350
Chicago, Illinois   60604
(312) 341-9400

## **CERTIFICATE OF SERVICE**

Craig A. Varga, an attorney, hereby certifies that a true and correct copy of the foregoing **Defendant Scott Henrichs' Answer and Additional Defenses to Plaintiffs' Second Amended Complaint** was served electronically upon counsel of record:

Lance A. Raphael (lance@caclawyers.com)
Allison Amy Krumhorn (Allison@caclawyers.com)
Stacy Michelle Bardo (stacy@caclawyers.com)
Andrew Stanley Marovitz (courtnofication@mayerbrown.com)

by the filing of said document through the Court's electronic filing system this 15th day of May, 2008.

s/ Craig A. Varga